UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-00161-REB

KYLE W. LEONARD

Plaintiff,

vs.

DOUGLAS E. LUCAS, D.O.

Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING STANDARD OF CARE FOR LACK OF DOCUMENTATION**

---

Plaintiff, Kyle Leonard, through his attorney hereby responds to **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING STANDARD OF CARE FOR LACK OF DOCUMENTATION** as follows:

During an operation on the Plaintiff's leg the Defendant mistakenly and accidentally lacerated the Plaintiff's leg in an unintended location. This unintended laceration occurred in an area that was already at risk. That laceration became the subject of this lawsuit.

Defendant did not tell the Plaintiff that he accidentally lacerated the leg until at least 3 months after the fact, and that was when the Plaintiff asked. Defendant testified that he might not have told the Plaintiff until as late as when transfer was being discussed, which was in November, 10 months later. ***Exhibit 1, Deposition Dr. Lucas pages 64-65***.

1

Defendant also did not describe the accidental laceration in his original operative report. That report stated.

> Tibial Osteotomy: A direct anterolateral incision was made. The anterior compartment muscles were identified and protected. Sub periosteal dissection was performed around the tibia at the predetermined level of the osteotomy. A drill was used to make a row of holes and this was followed by the osteotome producing an osteotomy of both the tibia and the fibula. The wound was then irrigated and closed with 0 vicryl, 3-0 vicryl and 3-0 nylon. The frame struts were placed.

And under "Complications:" the Defendant listed "none."

Plaintiff's expert, Dr. Robbins, stated in his report and in his deposition on page 37 that documenting the laceration in the operative report would have been the standard of care. He further testified on page 40 as to the reason it is the standard of care:

> "I think the important thing to note is if this skin, soft tissues that were already pre-surgically known to be compromised, at risk, not perfectly healthy enough to give you pause and then something like this happens at surgery, it would be worth noting."
> ***Exhibit 2, Deposition Dr. Robbins, Pages 37-40.***

Some 10 months later, when the Defendant was transferring the care of the Plaintiff to another physician in Denver, he amended his original operative report to include the occurrence of unintended laceration.

That report read:

> Tibial Osteotomy: A direct anterolateral incision was made. The anterior compartment muscles were identified and protected. Sub periosteal dissection was performed around the tibia at the predetermined level of the osteotomy. A drill was used to make a row of holes and this was followed by the osteotome producing an osteotomy of both the tibia and the fibula.
>
> During retraction of the tibia to access the fibula a laceration of the anteromedial skin occurred. A sharp edge of the tibia created a full thickness would approximately 2cm in length in the skin. This was treated with simple closure. The wound was then irrigated and closed with 0 vicryl, 3-0 vicryl and 3-0 nylon. The frame struts were placed.

And under "Complications:" the Defendant listed "Anteromedial tibial laceration."

Thus, the Defendant did not list the complication, nor describe it in the original operative report, nor tell the Plaintiff about it for at least three, and possibly ten, months.

F.R.E. 404(b) allows the admissibility of "other acts" for the purpose of proving knowledge. Knowledge that Dr. Lucas had committed a negligent act would be relevant. While the failure to document the laceration for up to 10 months did not have any effect on the final outcome of the Plaintiff's leg, the attempt to cover it up is an act which shows tacit admission and knowledge that the laceration could be the result of negligence.

Failure to document the laceration for 10 months and failure to inform the Plaintiff for up to ten months also goes to the credibility of the Defendant. Credibility of the Defendant is always an issue.

Defendant has the ability to explain why he failed to document what he now admits is a complication and why he did not explain the complication to the Plaintiff until up to ten months later. Thus, the objection goes to the weight of the evidence, not its admissibility.

For the above noted reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion.

**DATED:** August 2, 2022

Respectfully submitted,

s/ Phil C. Pearson_____
Phil C. Pearson, M.D., J.D. #19922
3650 South Yosemite Street, Suite 404
Denver, CO 80237
Telephone: (720) 529-8060
Fax: (720) 798-4680
E-Mail: pcpmdjd@yahoo.com
ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

 The undersigned does hereby certify that on this 2nd day of August, 2022, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING STANDARD OF CARE FOR LACK OF DOCUMENTATION** was sent to the following ECF.

Gilbert Dickinson, Esq.
Jackson Kelly PLLC
1099 18TH Street, Suite 2150
Denver, CO  80202


                 s/  Juanita Spears